## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Keyes

v.

Robert L. Keyes

September 12, 1984

Case No. (Chancery) CH-3757

By JUDGE AUSTIN E. OWEN

On August 2, 1984, each [party] appeared before the Court for the purpose of arguing Exceptions to the Report of the Commissioner in Chancery previously filed. Mr. Abrons moved the Court to quash those Exceptions filed by the Defendant. Taking into consideration the fact that the Defendant has appeared *pro se*, and that his Exceptions, while late, were filed only days late and that no prejudice to Complainant has resulted, the court denied the motion to quash those Exceptions.

After consideration of argument, the court overruled Complainant's Exception number 1 on the basis that the Commissioner's finding that neither party deserted the other is fully supported by the evidence.

The Court overruled Complainant's Exception number 2 because the Complainant having failed to support any ground for divorce, and enjoying an income approximately equal to that of the Defendant, has not shown any entitlement to reimbursement of legal fees.

The Court overruled Complainant's Exception number 3 in that from its wording and from the argument of counsel, it was clear that Complainant was seeking an award

of a substantial portion of the personal property. Code Section 20-107.3 makes it clear that the Court has no authority to order conveyance of specific property although it may partition marital property. In this instance, neither party requested partition.

The Court took under advisement Complainant's Exception number 4 and granted leave to the parties to file legal memoranda within 30 days from August 2, 1984.

Defendant's Exception was construed as an Exception only to the Commissioner's recommendation of a monetary award based upon Defendant's military retirement, and the parties were permitted to address that Exception in the same legal memoranda.

Counsel for the Complainant moved the Court, pursuant to Code Section 20-121.02, for a divorce on the ground of continuous separation for a period in excess of one year. The parties were permitted to address that issue in the same legal memoranda.

By letter of August 30, 1984, Mr. Abrons discussed the issues of grounds for divorce, entitlement to monetary award, and the motion made under Code Section 20-121.02. No memorandum has been filed by Mr. Keyes.

The Court does now sustain the Exception filed by the Defendant with respect to the Commissioner's recommendation for a monetary award based upon Defendant's military retirement pension. Code Section 20-107.3(E)(8) provides that, in determining the amount of any monetary award, the Court should consider "the present value of pension or retirement benefits." The Commissioner made no finding with respect to the present value of Defendant's pension or retirement benefits, but rather fixed an amount based upon Complainant's life expectancy. Moreover, when all of the factors referred to in § 20-107.3 are considered, there does not appear to be any justification for a monetary award in favor of the Complainant. Both parties have been employed throughout the marriage with the exception of brief periods (including approximately two years after the Defendant left active duty in the Armed Forces), and each has pension and retirement benefits resulting from such employment. Complainant is employed both by the Virginia Beach School Board and the Virginia Beach Health Department and enjoys an approximate annual income of $22,000. Defendant is employed by the State and receives a military pension providing a total income of approximately $23,000 per year. Each is earning retirement benefits

from present employment. The evidence does not reflect the ownership by either of property other than jointly owned marital property, the greater value of which is in the present possession of the Complainant.

Careful consideration of the evidence indicates that any evidence of cruelty precedes by several years any claimed separation of the parties. An earlier divorce proceeding apparently based on those events was filed and dismissed. The parties have had no sexual relationship since 1978 but it appears that they have cohabited and otherwise continued a marital relationship up until November of 1983. This suit was filed in August, 1983 before the cessation of that marital relationship, and thus a motion for divorce made pursuant to Code Section 20-121.02 is inappropriate as the separation commenced subsequent to the filing of the divorce action and has not continued for a period of one year or more. Complainant's motion that the suit continue without dismissal to permit a renewed motion under Code Section 20-121.02 after the expiration of a one year period is deemed inappropriate and denied.